UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00757-GNS-CHL

TORIES DEWAYNE QUALLS              PETITIONER

v.

AARON SMITH, Warden                RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 19) regarding his Petition for a Writ of Habeas Corpus (DN 1). For the following reasons, the Court **OVERRULES** Petitioner's Objection (DN 19), **ADOPTS** the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 18), and **DENIES** the Petition for Habeas Relief (DN 1).

**I. BACKGROUND**

The facts of this case are discussed at length in the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R."). For purposes of brevity, the Court will only set forth facts relevant to Petitioner's objections.

**A. Factual Background**

The Commonwealth of Kentucky charged Petitioner with the rape of E.J.—who was twelve years old at the time. (R. & R. 1-2, DN 18). Prior to trial, detectives subjected Petitioner to a recorded interview, during which "the detectives insinuated that if [Petitioner] would admit that he had engaged in consensual intercourse with [E.J.], he would receive a light sentence—possibly parole." *Qualls v. Commonwealth*, No. 2009-CA-000957-MR, 2011 WL 5105150, at *1 (Ky.

App. Oct. 28, 2011). Further, "[t]he detectives feigned a sympathetic attitude toward [Petitioner], suggesting that perhaps [E.J.] had 'seduced' him." *Id.* As a result, Petitioner confessed to having sex with E.J. (R. & R. 1-2).

Petitioner later retracted his confession, told the detectives that he had only digitally penetrated E.J., and submitted his case to a jury. (R. & R. 1-2). During trial, the Commonwealth played excerpts from the recorded interview, including Petitioner's confession. (R. & R. 10). The Commonwealth also presented circumstantial evidence of Petitioner's guilt, such as the fact that E.J. had the same sexually transmitted disease that one of Petitioner's sexual partners had been diagnosed with just weeks before the rape. (R. & R. 10). As part of his case-in-chief, Petitioner attempted to play the entire recorded interview or recite the omitted portions of the interview verbatim in order to cast doubt on the credibility of his confession.[1] (R. & R. 10). The trial judge, however, refused to permit Petitioner to produce the omitted portions of the interview, citing the rule against hearsay and Kentucky's rape shield law as bars to admissibility. (R. & R. 8-9). Nonetheless, the judge permitted Petitioner to explain to the jury that the detective pressured him to confess. *See Qualls*, 2011 WL 5105150, at *2.

The jury ultimately found Petitioner guilty of first-degree rape. (R. & R. 1-2). He was sentenced to thirteen years' incarceration. (R. & R. 1-2).

B. **Procedural History**

Petitioner appealed his conviction. On direct appeal, Petitioner argued that the trial court deprived him of his Sixth and Fourteenth Amendment right to present a complete defense when it refused to permit him to play the entirety of the recorded interview to the jury so as to cast doubt

---

[1] In other words, Petitioner sought to show the jury that he only confessed because the detectives convinced him that doing so was in his best interest.

2

on the credibility of his confession. (R. & R. 8). In support of his position, Petitioner cited *Crane v. Kentucky*, 476 U.S. 683 (1986)—a case in which the Supreme Court found that a state trial court committed constitutional error when it declined to allow a criminal defendant to challenge the credibility of his confession. (*See* Resp't's Ans. App., at Page ID# 13-15, DN 12-2). The Kentucky Court of Appeals, however, found that—unlike the defendant in *Crane*—Petitioner was permitted to challenge the credibility of his confession. *See Qualls*, 2011 WL 5105150, at *2. Specifically, the court noted that the trial record demonstrated that: (1) "the trial court asked [Petitioner] if there were portions of the recording that he would like to present to the jury that would clarify the confession"; (2) Petitioner "was allowed to explain to the jury that he felt pressured to confess because he believed that he was saying what the officers wanted to hear"; and (3) Petitioner "told the jury that he confessed because he felt threatened." *See id.* Accordingly, the Kentucky Court of Appeals rejected Petitioner's arguments and affirmed his conviction.

Thereafter, Petitioner sought post-conviction relief pursuant to Kentucky Rule of Criminal Procedure 11.42. In his post-conviction motion, Petitioner raised a number of arguments regarding the ineffectiveness of his trial and appellate counsel. (R. & R. 2). For instance, he asserted that trial counsel provided ineffective assistance when he failed to move to suppress the entire recorded interview. (R. & R. 2). As with his direct appeal, the Kentucky Court of Appeals rejected Petitioner's claims for post-conviction relief, concluding that he failed to show that counsels' failures prejudiced him at trial or on appeal. (R. & R. 2, 14-22).

Once Petitioner exhausted his avenues for relief in state-court, he filed a petition for habeas corpus. In his petition, Petitioner claimed that he was entitled to habeas relief because the trial court deprived him of his Sixth and Fourteenth Amendment rights to present a complete defense when it refused to permit him to play the entirety of the recorded interview to the jury. (Pet. Writ

3

Habeas Corpus 5, DN 1 [hereinafter Pet.]). He further asserted that trial counsel provided ineffective assistance when he failed to: (1) move to suppress the recorded interview, and (2) obtain "an expert witness and impeach Commonwealth's witness . . . ." (Pet. 8). He also claimed that appellate counsel provided ineffective assistance when he failed to argue that trial counsel's failure to move to suppress the interview constituted ineffective assistance. (Pet. 8).

The Magistrate Judge reviewed Petitioner's habeas petition and found each of his grounds for relief meritless. In the R. & R., the Magistrate Judge found that the Kentucky Court of Appeals did not err in concluding that Petitioner was not deprived of his right to present a complete defense. (R. & R. 9-13). Specifically, the Magistrate Judge reasoned that the Kentucky Court of Appeals identified the Supreme Court precedent applicable to Petitioner's claim—*Crane*—and correctly applied the holding of that case. (R. & R. 9-13). In addition, the Magistrate Judge concluded that the Kentucky Court of Appeals did not err when it rejected Petitioner's ineffective assistance claims because Petitioner failed to present any evidence demonstrating how counsels' purported failures prejudiced him. (R. & R. 14-22). Accordingly, the Magistrate Judge recommended that this Court deny Petitioner's request for habeas relief.

Petitioner has since filed three objections to the Magistrate Judge's recommendation. (*See* Pet'r's Obj. Magistrate Judge's R. & R., DN 19 [hereinafter Pet'r's Obj.]). Petitioner's objections are ripe for adjudication and are addressed below.

## II. <u>JURISDICTION</u>

This Court has jurisdiction to review "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

### III. STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted) (internal quotation marks omitted). All findings of fact by the state court are presumed to be correct and can be rebutted only by clear and convincing evidence. *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). Similarly, legal conclusions made by state courts are given substantial deference under AEDPA. The Supreme Court has concluded that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (per curiam) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

When reviewing a magistrate judge's report and recommendation regarding a prisoner's petition for a writ of habeas corpus, "[a] judge . . . shall make a *de novo* determination of those

5

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). An objection that merely repeats an argument raised before the magistrate judge, however, need not be re-examined. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Similarly, if a petitioner fails to object, the Court need not "review a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). General objections have the same effect as would a failure to object—i.e., the Court may forego review of general objections. *Mensah v. Mich. Dep't of Corr.*, 513 F. App'x. 537, 538 (6th Cir. 2013).

## IV.  DISCUSSION

### A.  Petitioner's Objections

Petitioner first objects to the Magistrate Judge's conclusion that the trial court did not deprive him of his right to present a complete defense when it refused to permit him to play the entirety of the recorded interview to the jury. (Pet'r's Obj. ¶ 2). This objection, however, simply repeats one of the arguments that Petitioner presented to the Magistrate Judge. (Pet. 5). As noted, "[a]n objection that . . . simply summarizes what has been presented before[] is not a[]" properly raised objection and need not be reviewed under any standard. *See Bergey v. Warren*, No. 12-CV-11058, 2013 WL 5244620, at *1 (E.D. Mich. Sept. 18, 2013) (declining to review objection to denial of habeas petition when objection repeated argument raised before the magistrate judge). Petitioner's first objection is therefore overruled.

Next, Petitioner appears to object to the Magistrate Judge's summary of certain of the Kentucky Court of Appeals' factual findings. Specifically, Petitioner seems to object to the Magistrate Judge's finding that E.J. contracted a sexually transmitted disease from Petitioner. (Pet'r's Obj. ¶ 3). Problematically, however, the Magistrate Judge did *not* find as a factual matter

6

that Petitioner gave E.J. a sexually transmitted disease. The Magistrate Judge simply noted that E.J. "contracted the same sexually transmitted disease that one of [Petitioner's] sexual partners had contracted in the weeks before the rape." (R. & R. at 10). Even if the Magistrate Judge had found that Petitioner gave E.J. a sexually transmitted disease, however, that finding would be consistent with the Kentucky courts' findings of fact, which are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1). Seeing as the presumption of correctness afforded to a state court's findings of fact can only be rebutted by clear and convincing evidence—and that Petitioner has produced zero evidence contradicting the state record—this objection, even if appropriate, would be baseless. Accordingly, Petitioner's second objection is overruled.

Finally, Petitioner complains that the Magistrate Judge erred when he agreed with the Kentucky Court of Appeals that his ineffective assistance claims lacked merit. (Pet'r's Obj. ¶ 4). This objection "does nothing more than state a disagreement with a magistrate's suggested resolution" and is not an appropriate objection. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Accordingly, Petitioner's supposed objection need not be reviewed "under a *de novo* or any other standard," and, as such, will be overruled. *Thomas*, 474 U.S. at 150.

### B. <u>Certificate of Appealability</u>

The Magistrate Judge recommended that this Court deny Petitioner a certificate of appealability with respect to the claims raised in his habeas petition. Petitioner did not raise any specific objections to this recommendation, and the Court will accept it.

## V. CONCLUSION

For the reasons listed above, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 19) is **OVERRULED**.

2. Magistrate Judge Lindsay's Findings of Fact, Conclusions of Law and Recommendations (DN 18) is **ADOPTED** as and for the opinion of this Court.

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED WITH PREJUDICE**.

4. A certificate of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
July 23, 2018

cc: counsel of record
Tories Dewayne Qualls, *pro se*